May it please the Court, I'm Gordon Woodley, appearing for Judgment Creditor Denise Woodley. Back in 2016, this Court advised the government that it is the government, as opposed to a plaintiff like Mrs. Woodley, who bears the reasonable cost of the action, that the landowners get to retain the full compensation of the value of the property from the taking, and it is mandatory that the government assume the litigation expenses. So imagine we have three federal district court judgments that bear interest and are payable from the judgment fund. The first, for $497,000 in August of 2020, that was never paid by the government, and the interest on that, that ran for three months, was never paid. The second, that judgment was amended to be increased to $998,000. The government did pay that, but they paid it six months delay. So they did not pay any interest on that judgment. What was that judgment for? It was for attorney's fees. And what's the provision that allows interest on attorney's fees? The position is that any federal court judgment bears interest. It's mandatory. But that's inconsistent with the Supreme Court's decision in Shaw, in our precedent in Marathon. Shaw, it doesn't apply, Your Honor, with due respect. The Ninth Circuit case of Perkins v. Standard Oil is applicable. What about our case in Marathon? Marathon really doesn't apply either. The waiver of sovereign immunity, I think what you're asking about, the waiver of sovereign immunity was cleared back in the quality tooling case, where the government conceded that the waiver of sovereign immunity was waived for all claims under the Tucker Act. But the Tucker Act is a waiver of sovereign immunity, but it doesn't provide a cause of action. You have to have an independent statutory or contract for money. So what's your provision that allows interest to be paid on attorney's fees against the government? Are you saying it's the Tucker Act? Of course it is. Well, that's just wrong. The Tucker Act waives sovereign immunity, but we've held over and over again that the Tucker Act just waives sovereign immunity, but you still have to have an independent basis for money, damages, or judgment. You can shake your head at me all you want. No, Your Honor. I know the law here. I'm just trying to understand your position. It's not my position. It's the law, and it's been the law for I don't know how many decades, that the Tucker Act is a waiver of sovereign immunity, but you still have to identify a money-mandating source for an award of damages or interest or the like, either a statute, a contract, or some other money-mandating clause. I think the Pauley-Tooling and the Mitchell case in the Supreme Court would say that you don't need a separate waiver on it. You don't need a separate waiver, but you need to identify a money-mandating statute that entitles you to interest. The Tucker Act doesn't say anything about interest. With all due respect, the interest is based, as a matter of law, it accrues on federal district court judgments. Well, the Court of Federal Claims is not a district court, for one thing. Do you have a statute that says interest accrues on all judgments? Yes. What is it? 1961, Your Honor, on both federal and court of claims. Didn't we hold in Marathon that it doesn't waive interest? The statute says that the judgment shall. Can you address Marathon? I mean, Marathon said it doesn't waive sovereign immunity, or that that's not a provision that gets around the no-interest rule of Shaw. The no-interest rule of Shaw, number one, doesn't apply to this case. It wasn't a Tucker Act case. It wasn't a Fifth Amendment compensation case. You got interest on the money damages for the Fifth Amendment violation, right? Yes. Because the Fifth Amendment is such a money-mandating constitutional provision. But the Fifth Amendment doesn't give you returning fees, right? You have to go to the URA for returning fees, and there's no interest provision in the URA. Judgments under the URA have interest as a matter of law. What law? 1961. What part of 1961? Well, the ‑‑ I think it's subsection C2, and for this court, subsection C3. Did you read Marathon? Marathon says that 1961C2 is not a complete waiver of the no-interest rule under Shaw. It reads it in a very specific way, and it's not a way to cover your situation. The no-interest rule is a prejudgment interest rule, not a postjudgment interest rule. Entirely different. And even ‑‑ Shaw doesn't apply. So what language in 1961C2 do you think gives you postjudgment interest, even if Marathon covered prejudgment interest? What language? Never mind. No, just keep going. Just on the claim we're talking about, which is interest on attorney's fees.  When did this come up? When did it come up? It came up ‑‑ I mean, the last case that we did, which was this, you know, this was a remand. Yes. Didn't we dispose of that, or was it even raised in that case? In your decision back in 2022, I think that's the one you're referring to.  You said that Mrs. Widley is asking for interest, expenses and attorney's fees for the judgments that were entered back in 2020. And we rejected that request. With respect to everything other than ‑‑ let me finish my question and then you can answer it. You rejected that request for everything other than three expenses that was subject of the remand, right? I don't believe so. I think what you did was say that interest was appropriate, provided that she preserved her claim for postjudgment interest. And she did. And the government concedes in its papers that she did preserve her claim for postjudgment interest. So there's no difference whether it's interest on travel expenses or whether it's interest on attorney's fees that are incurred on the same trip or the same matter. If there's a judgment for them and the government delays payment, then the postjudgment interest must be paid or else the government gets the benefit from the delay. And they're rewarded for delaying. For example, on the small judgment of $10,674, that has not been paid by the government for more than three years. Is that one in which they offered you the money but you rejected it? They made an offer under Rule 68, but they didn't make it in accordance with the rule in a timely fashion. Yes.  Any other questions for the court? No. Thank you. Good morning. Good morning. May it please the court, my name is Alan Braymender and I represent the United States. In 2022, this court held that Mr. Woodley, as a pro se litigant, was not entitled to attorney's fees. And was the request for postjudgment interest on the initial award of attorney's fees to Kellogg, was that a subject in the 22? It was not. And so to be clear, Your Honor, there's two buckets of interest that are at issue. There is a smaller bucket of interest, about $3,000, on the pro se fees and expenses that was preserved. And it was the subject of the remand? And it was subject of the remand, that's correct. And then there's a larger bucket of interest of about $75,000 to the Kellogg Hansen Law Firm. That claim was not preserved. Kellogg Hansen, the firm itself, never sought interest on its judgment. So it just appeared on the remand? It just appeared on the remand, that is correct. And what about the issue of Mr. Woodley's payment for attorney's fees, for his attorney's fees? Was that alive at remand? It was not, Your Honor. This court remanded determination of reasonableness on three specific expenses. That's the property appraisal cost, the filing fee, and payment to a third party for legislative history. It was those three expenses, the reasonableness of those three expenses that was remanded, along with any properly preserved claim for interest. On remand, the United States didn't dispute the reasonableness of these three expenses, offered to pay those expenses, along with about a 50% premium to settle the case. The Woodleys rejected that offer and then filed the claims for almost a half a million dollars, including almost $400,000 in fees, attorney's fees, which this court had already held Mr. Woodley was not eligible for, and then the forfeited claim for interest as well, which is forfeited and also is barred by the no-interest rule. Do we have to even decide the issue that I had the colloquy with your opposing counsel about, whether the no-interest rule applies here? Because do we have to decide it with that small amount that you agreed on the cost? Is that why we have to decide it? I think that's right. I think this court does have to decide. We don't have to decide. I mean, the attorney fees stuff, because it was not raised before, you think is forfeit. Or we already decided. We already decided. The interest on the Kellogg-Huber fees you think is forfeit. The Pro Se attorney fees, we've already decided. We've already decided. So we don't have to decide interest on any of those. But because you agree that they're entitled to a small amount of cost, do you think that they're entitled to interest on those costs or not? No, because of the no-interest rule, there is no – But that was what was actually adjudicated and should have been adjudicated already. And that's – and the CFC did adjudicate that issue and found that it was barred by the no-interest rule because there is no waiver of sovereign immunity. The Talker Act waiver is a waiver for damages. It is not a waiver for interest. As the Supreme Court explains in Shaw, damages and interest are two separate things. And so a waiver for damages in the Talker Act simply is not enough. And if the court doesn't have any other questions, we'd ask that the CFC be affirmed. Thank you. Thank you.  Counsel raised the – or talked about the attorney's fees issue. And the attorney's fees pro se impediment or barrier was lifted in 2020 by a disclaimer of any interest, personal interest in the underlying recovery. And then it was further – a quick claim deed where the underlying property was quick claimed to Mrs. Woodley. In 2023, correct? Yeah, that was 2023. November.  And the disclaimer was in November of 2020. So the pro se impediment that was lifted, and we are asking for attorney's fees in accordance with the URA provision that – So you have no financial interest whatsoever in your wife's estate or property or anything? I don't. So if she, for some reason, passed away, you don't get the money? It depends on what she says in her will. But that's, you know, under – if you continue the pro se bar, then she could never hire an attorney that happened to be her husband. That's just not right. If her husband happens to be the best person for her in her judgment, then she has the right to hire him. And under the URA, it doesn't say shall award attorney's fees except if the attorney is the spouse of a claimant. So haven't we already adjudicated this question? You did ask for attorney's fees between 2014 and 2020. You said that was the time part. Now, I don't believe – I don't agree with that decision, but that was your decision. But now, there is no reason to continue a pro se bar. So you thought that since, in your view, circumstances had changed, even though we had adjudicated the issue before us in 20 in our last opinion, that on the remand from that opinion that dealt exclusively with expenses, you could raise this issue anew based on new circumstances? Yes. Is that your position? Yes. And the statute's clear that she's entitled to recover her attorney's fees. Why isn't that foreclosed by the mandate rule? I'm sorry. Why isn't your argument foreclosed by the mandate rule? I don't understand the question. I'm sorry. Well, we only remanded for the limited purpose of determining costs. That's the mandate. Well, we're here on appeal where new fees are being – you didn't adjudicate fees that didn't exist yet. We're here on fees that were encouraged after adjudication in the 2022 decision. But don't you see that there's a problem, even if it's not on substance, on process, which is that the only issue that was adjudicated in this case was the subject of the remand from that decision? Right? Am I right about that? The subject of the remand from our 2022 case dealt exclusively with expenses and the potential for free judgment. On remand, we went back to talk about the availability to provide a judgment for attorney's fees for the appeal that resulted in your remand. And you don't think that's a problem to introduce a new issue based on changed circumstances on a remand for an appeal where that issue was already decided? The attorney's fees continue to accrue as you represent a client. And when you go back on remand, you're accruing attorney's fees. I mean, when the statute clearly says that you get your expenses including attorney's fees, the URA provision provides for that. Your decision back in 2016 provides for that. And, you know, we do our best to present the case and we incur attorney's fees to do the briefing and all the rest. And she's entitled to recover those attorney's fees from the government. The government's to bear those expenses. That's what we said back in 2016. That's in accordance with the URA. That's in accordance with the provision that she is not to be in a worse financial position economically than before the taking. And if she has to incur and eat the attorney's fees, she would be. So I'm asking that you look more to the substance of what's going on here, which is her right to be fully compensated for her expenses under the URA. Thank you.